WOLF v. MELLWIN REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Term.   April 9, 1912.)

1. BROKERS (§ 65*)—RIGHT TO COMMISSION.

A condition, in a contract employing a broker to procure a building loan, that he should not approach the person who ultimately made the loan, as some one else had particular influence with him, was waived by the principal permitting him to negotiate with such person for a loan, and by the principal requesting the broker to absent himself from the final closing, under promise that he would be protected in the matter of his commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

2. BROKERS (§ 56*)—CONTRACT FOR COMMISSION—CONSIDERATION—SUFFICIENCY.

Where a broker was obtained to procure a building loan, and absented himself from closing of the loan only on the principal's promise that he should be paid his commission, his absence was sufficient consideration for the promise.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec. Dig. § 56.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Richard A. R. Wolf against the Mellwin Realty & Construction Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Allen Cleveland Bragaw, for appellant.
Arthur L. Howe (Edward J. Martin, of counsel), for respondent.

BIJUR, J. [1] Plaintiff sues for his commission, earned as a real estate broker for procuring a building loan for defendant. His employment is admitted, but it is claimed by defendant that he was expressly told not to approach the party who ultimately made the loan, as some one interested in the defendant corporation was supposed to have particular influence there. It is conceded, however, that he did present the application to the actual lender, and did all the preliminary and necessary work toward obtaining the loan, when at the last moment he was requested by defendant to permit this third party to intervene to close the matter. It seems clear to me that plaintiff was the undoubted procuring cause of the making of the loan, and whatever limitation was placed upon his employment was plainly waived by the subsequent action of the defendant, with full knowledge of the facts.

A difficulty remains in the fact that defendant stipulated that it should pay 4 per cent. to cover all expenses of procuring the money, and it is in evidence that the lender's attorneys charged 4 per cent. for making the loan, which defendant paid. Plaintiff, however, testified, without contradiction, that defendant's president said:

"I am willing to pay the brokerage, provided you get this loan for 4 per cent."

He also testified, without contradiction, that defendant's officers expressly requested him to absent himself from the final closing "and that they would protect him in the matter of commission"; but they did nothing of the kind.

[2] Leaving aside all other considerations, it follows, from this incident, that plaintiff, having apparently earned his commission, received a new promise from defendant that he should be paid, and that promise was supported by a new consideration, namely, his voluntary absence from the ultimate closing.

Although the record is fairly voluminous, it may be said, on the whole, to present a state of facts concerning which there is very little, if any, dispute on the essential items. Plaintiff evidently earned a fee, which he estimates to be worth twice as much as he sues for; the reduction being for reasons which he was not permitted to disclose. The fact that a third party was by mutual consent permitted to intervene, for some alleged purpose of defendant, at the very last moment, detracts nothing from the merit of plaintiff's claim. Moreover, I incline to the view that the subsequent express promise hereinabove referred to would of itself sufficiently support this cause of action. It was certainly a recognition of plaintiff's claim.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.